UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michigan Division - Monument Builders
of North America, *et al.*,

    Plaintiffs,

v.                                                 Case No. 2:05-CV-74721

Michigan Cemetery Association, *et al.,*      Honorable Sean F. Cox

    Defendants.
_____/

### ORDER DENYING MOTIONS FOR SANCTIONS

On December 13, 2005, Plaintiffs filed this purported class action, asserting antitrust claims under the Sherman Act, 15 U.S.C. §1 *et seq.*, and state law claims under Michigan's Prepaid Funeral and Cemetery Sales Act, M.C.L. §328.225. In an Opinion & Order dated October 27, 2006, this Court granted Defendants' motions to dismiss the complaint.

On November 11, 2006, Defendant White Chapel Memorial Association filed a Motion for Attorney Fees and Costs, seeking sanctions pursuant to 28 U.S.C. §1927 and the Court's inherent authority to sanction misconduct. Defendant Crestwood Memorial Cemetery, along with other defendants, filed a similar motion on November 22, 2006. In addition, on November 11, 2006, Defendant Michigan Cemetery Association and Defendant Arborcrest Memorial Park each filed a Motion for Attorney Fees and Cost Pursuant to Fed. R. Civ. P. 11.

The Court believes that the issues are adequately presented in the briefs that have been filed with the Court, and does not believe that oral argument will aid the decisional process. The Court therefore orders that the motions shall be decided based upon the briefs. *See* Rule 7.1(e)

1

of the Local Rules for the Eastern District of Michigan.

Reasonable costs and attorney fees are available under 28 U.S.C. §1927 when an attorney or party "so multiplies the proceedings in [a] case unreasonably and vexatiously." 28 U.S.C. §1927. The Sixth Circuit has construed "unreasonably and vexatiously" to include conduct where an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). An award of attorney's fees under 28 U.S.C. §1927 is a matter of discretion for the court. *Eagles, Ltd. v. American Eagle Foundation*, 356 F.3d 724, 726 (6th Cir. 2004).

Rule 11 prohibits attorneys from filing any "pleading, written motion, or other paper," unless "to the best of that attorney's knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." FED. R. CIV. P. 11(b). A district court exercises wide discretion in determining whether an attorney's conduct was unreasonable, thereby justifying an award of sanctions under Rule 11. *Ridder v. City of Springfield,* 109 F.3d 288, 293 (6th Cir. 1997); *Runfola & Assocs., Inc.* v. *Spectrum II, Inc.*, 88 F.3d 368, 372 (6th Cir. 1996).

While this Court ultimately concluded that Defendants' motions to dismiss should be granted, the Court does not believe that sanctions under 28 U.S.C. §1927, Rule 11, or the Court's inherent authority, are warranted in this action.

Accordingly, **IT IS ORDERED** that the following motions are hereby **DENIED:**

2

    1) Defendant White Chapel Memorial Association's Motion for Attorney Fees and Costs [Docket Entry Nos. 143 & 144];

    2) Defendant Michigan Cemetery Association's Motion for Attorney Fees and Costs Pursuant to Rule 11 [Docket Entry No. 145];

    3) Defendant Arborcrest Memorial Park's Motion for Attorney Fees and Cost Pursuant to FED. R. CIV. P. 11 [Docket Entry No. 146]; and

    4) Defendant Crestwood Memorial Cemetery's Motion for Attorney Fees [Docket Entry No. 147].

    **IT IS SO ORDERED.**

                                       S/Sean F. Cox  
                                         SEAN F. COX  
                                         UNITED STATES DISTRICT JUDGE

Dated: November 22, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on November 22, 2006.

                                         s/Jennifer Hernandez  
                                         Case Manager to  
                                         District Judge Sean F. Cox